IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ADAM FURGATCH,                              )<br>                                             )<br>              Plaintiff,                    )<br>                                             )<br>        vs.                                  )<br>                                             )<br>ONEWEST BANK, FSB; DEUTSCHE                  )<br>BANK NATIONAL TRUST COMPANY, as              )<br>Trustee of the IndyMac INDX                  )<br>Mortgage Trust 2007-AR5,                     )<br>Mortgage Pass-Through                        )<br>Certificates, Series 2007-AR5                )<br>Under the Pooling and Servicing              )<br>Agreement Dated March 1, 2007;               )<br>CHARLES H. BUNDRANT and his                  )<br>wife, DIANE L. BUNDRANT; and                 )<br>DOES 1-100, inclusive,                       )<br>                                             )<br>              Defendants.                    )<br>_____)  | CIVIL NO. 11-00363 HG-KSC |

**ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS ONEWEST BANK, FSB AND DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION FOR ATTORNEY'S FEES AND COSTS (ECF No. 128) AND DENYING DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION (ECF No. 137)**

Plaintiff Adam Furgatch filed a Complaint against Defendants OneWest Bank, FSB, Deutsche Bank National Trust Company, Charles H. Bundrant, and Diane L. Bundrant, asserting claims of specific performance, quiet title, and fraud.  On January 4, 2013, the Court granted Defendants' motion for summary judgment. Defendants OneWest Bank, FSB and Deutsche Bank National Trust

1

Company filed a motion requesting attorneys' fees and costs. On March 11, 2013, the Magistrate Judge entered a Findings and Recommendation denying the request. Defendants object to the Findings and Recommendation, arguing that Plaintiff's lawsuit was in the nature of assumpsit.

The Magistrate Judge's Findings and Recommendation is **ADOPTED**, and Plaintiff's objection is **DENIED**.

## PROCEDURAL HISTORY

On January 18, 2013, Defendants OneWest Bank, FSB ("OneWest Bank") and Deutsche Bank National Trust Company ("Deutsche Bank") (collectively "Defendants") filed a Motion for Attorney's Fees and Costs. (ECF No. 114.)

On February 1, 2013, Defendants filed a Statement of Consultation. (ECF No. 118).

On February 25, 2013, a Notice of Withdrawal of Defendants' Request to Award Attorney Fees and Costs to Allen Matkins Leck Gamble Mallor and Natsis LLP was filed. (ECF No. 126.)

On March 11, 2013, the Magistrate Judge entered a Findings and Recommendation to Deny Defendants' Motion For An Award of Attorney's Fees and Costs. (ECF No. 128.)

On March 11, 2013, Plaintiff filed an Opposition to Defendants' Motion for Attorney's Fees and Costs. (ECF No. 131.) Plaintiff's Opposition was untimely filed in violation of Local

Rule 7.4.

On March 29, 2013, Defendants filed a Reply to Plaintiff's untimely Opposition.  (ECF No. 136.)

On March 25, 2013, the Court approved the parties' stipulation for an extension of time to file Defendants' Objection to the Magistrate Judge's Findings and Recommendation to March 29, 2013.  (ECF No. 134.)

On March 29, 2013, Defendants filed an Objection to the Magistrate Judge's Findings and Recommendation.  (ECF No. 137.)

**STANDARD OF REVIEW**

Title 28 U.S.C. § 636(b)(1)(B) permits a district court judge to designate a magistrate judge to determine matters pending before the court and to submit to the district court judge a findings and recommendation.  Under Local Rule 74.2, any party may object to a magistrate judge's findings and recommendation.  The district court judge shall make a *de novo* determination of those portions of the findings and recommendation to which a party properly objects and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge.  Id.  The Ninth Circuit Court of Appeals, in Dawson v. Marshall, held that *de novo* review means that the district court judge does not defer to the magistrate judge's ruling but freely considers the matter

anew, as if no decision had been rendered below. 561 F.3d 930, 933 (9th Cir. 2009) (internal citation omitted).

## ANALYSIS

### I. Defendants' objection to the Magistrate Judge's finding that the action was not in the nature of assumpsit

Defendants requested attorneys' fees and costs pursuant to Federal Rules of Civil Procedure 7 and 54 and Hawaii Revised Statute ("HRS") § 607-14. (Defendants' Motion for Attorney's Fees and Costs at 2, ECF No. 114.) The Magistrate Judge filed a Findings and Recommendation to Deny Defendants' Motion for Attorney's Fees and Costs. Defendants objected to the Findings and Recommendations to the extent that the Magistrate Judge concluded that Plaintiff's claims for specific performance, quiet title, and fraud were not in the nature of assumpsit. The Court reviews the Findings and Recommendation *de novo*. Local Rule 74.2.

HRS § 607-14 states, in pertinent part:

> In all the courts, in all actions in the nature of assumpsit and in all actions on a promissory note or other contract in writing that provides for an attorney's fee, there shall be taxed as attorneys' fees, to be paid by the losing party and to be included in the sum for which execution may issue, a fee that the court determines to be reasonable; provided that the attorney representing the prevailing party shall submit to the court an affidavit stating the amount of time the attorney spent on the action and the amount of time the attorney is likely to spend to obtain a final written

4

>       judgment, or, if the fee is not based on an hourly rate,
>       the amount of the agreed upon fee. The court shall then
>       tax attorneys' fees, which the court determines to be
>       reasonable, to be paid by the losing party; provided that
>       this amount shall not exceed twenty-five per cent of the
>       judgment.

Haw. Rev. Stat. § 607-14.

Attorneys' fees may be awarded under HRS § 607-14 "in three types of cases: (1) all actions in the nature of assumpsit; (2) all actions on a promissory note; and (3) contracts in writing that provide for an attorney's fee." Eastman v. McGowan, 946 P.2d 1317, 1327 (Haw. 1997). Defendants moved for attorneys' fees arguing that Plaintiff's action was in the nature of assumpsit.

"Assumpsit is a common law form of action which allows for the recovery of damages for non-performance of a contract, either express or implied, written or verbal, as well as quasi contractual obligations." 808 Dev., LLC v. Murakami, 141 P.3d 996, 1013 (Haw. 2006) (citation, emphases, and quotation marks omitted). The mere fact that a claim relates to a contract between the parties, however, does not render a dispute between the parties an assumpsit action. TSA Int'l, Ltd. Sv. Shimizu Corp., 990 P.2d 713, 734 (Haw. 1999). "'[T]he nature of a claim' is 'determined from the substance of the entire pleading, the nature of the grievance, and the relief sought, rather than from the formal language employed or the form of the pleadings.'" S. Utsunomiya Enters, Inc. v. Moomuku Country Club, 879 P.2d 501,

505 (Haw. 1994).

The Magistrate Judge held that Plaintiff's action was not in the nature of assumpsit, finding that each of Plaintiff's individual claims for specific performance, quiet title, and fraud did not sound in assumpsit.  Plaintiff objects to the Magistrate Judge's findings that the claims are not in the nature of assumpsit.

The Magistrate Judge found that the claim for specific performance, although a breach of contract claim, was not in the nature of assumpsit because Plaintiff sought an equitable remedy and not monetary damages.  (Findings and Recommendation at 10.)

Defendants argue that the specific performance claim is actually a claim for breach of the purchase contract which puts the claim in the nature of assumpsit.  Defendants maintain that Plaintiff's request that the Court award him "actual damages and costs . . . including attorneys' fees and costs" puts the specific performance claim in the nature of assumpsit.  (Objection at 7.)  Defendants also contend that the quiet title and fraud claims are in the nature of assumpsit because the breach of the purchase contract was central to those claims.

"A suit to enforce an agreement is a suit for specific performance and is not an action in the nature of assumpsit." Lee v. Aiu, 936 P.2d 655, 667 (Haw. 1997).  In Lee, the Hawaii Supreme Court held that a plaintiff's request for damages as

alternative relief for a breach of contract claim did not change the equitable nature of the claim. Id. at 667-668.

In Great Divide Ins. Co. v. AOAO Maluna Kai Estates, 2007 WL 2484322 (D. Haw. Aug. 28, 2007), the Hawaii Federal District Court addressed whether a plaintiff's prayer for attorneys' fees changes the character of the claims from non-assumpsit to assumpsit. Id. at *4. The plaintiff's complaint sought a declaratory judgment regarding the rights and liabilities of the parties arising out of an insurance policy. After the court ruled that the plaintiff had a duty to defend the defendant, the defendant moved for attorneys' fees pursuant to HRS § 607-14. The court rejected the defendant's argument that the plaintiff's prayer for attorneys' fees created a presumption that the action was in the nature of assumpsit. Id. at *5-6. The court found that the complaint did not provide a basis for assumpsit separate and apart from the prayer for attorneys' fees and held that nothing in the complaint "would give rise to any doubt as to whether the claims were not in the nature of assumpsit." Id. at *6.

In the case before the Court, Plaintiff's claim for specific performance is not in the nature of assumpsit. Plaintiff's prayer for relief requested that the Court "order specific performance under the Purchase Contract to allow the Plaintiff to complete the purchase . . . together with an award of his actual

damages and costs, to the extent allowable by law in an amount to be proven at trial, including attorneys' fees and costs." (Compl. at 17-18.)  Plaintiff's inclusion of a request for damages and attorneys' fees in conjunction with an order of specific performance does not change the action to one in the nature of assumpsit.  The Complaint and Plaintiff's filings before the court emphasize Plaintiff's focus on obtaining an order of specific performance so he could purchase the subject property.  The facts and issues Plaintiff raised, and the nature of the entire grievance, establish that the lawsuit was an action for specific performance of the purchase contract.  Defendant is not entitled to attorneys' fees pursuant to HRS § 607-14.

## CONCLUSION

(1) The Magistrate Judge's Findings and Recommendation to Deny Defendants OneWest Bank, FSB and Deutsche Bank National Trust Company's Motion for Attorney's Fees and Costs, filed March 11, 2013, (ECF No. 128), are **ADOPTED.**

//
//
//
//
//
//

//

(2) Defendant's Objection to the Magistrate Judge's Findings and Recommendation, filed March 29, 2013, (ECF No. 137), is **DENIED.**

IT IS SO ORDERED.

DATED:     April 29, 2013, Honolulu, Hawaii.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

FURGATCH V. ONEWEST BANK, ET AL.; CIV. NO. 11-00363 HG-KSC; **ORDER ADOPTING MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY DEFENDANTS ONEWEST BANK, FSB AND DEUTSCHE BANK NATIONAL TRUST COMPANY'S MOTION FOR ATTORNEY'S FEES AND COSTS (ECF No. 128) AND DENYING DEFENDANT'S OBJECTION TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION (ECF No. 137)**